UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALEXANDER SHRIRA,

                                Plaintiff,

        v.

STATE UNIVERSITY OF NEW YORK AT
  BUFFALO,

                                Defendant.

_____

|  |  |
|---|---|
|  | **REPORT**<br>**and**<br>**RECOMMENDATION** |
|  | **02-CV-296A(F)** |

APPEARANCES:          ALEXANDER SHRIRA, *Pro Se*
                        214 Northhampton Street
                        Buffalo, New York 14208

                        ANDREW M. CUOMO
                        ATTORNEY GENERAL, STATE OF NEW YORK
                        Attorney for Defendant
                        STEPHEN F. GAWLIK
                        Assistant Attorney General, of Counsel
                        107 Statler Towers
                        Buffalo, New York 14202

## JURISDICTION

     This case was referred to the undersigned by Honorable Richard J. Arcara on

November 18, 2002.  The matter is presently before the court on Defendant's motion

for summary judgment (Doc. No. 78), filed February 21, 2006.

## BACKGROUND and FACTS[1]

     Plaintiff Alexander Shrira ("Plaintiff"), commenced the instant action *pro se* on

April 18, 2002, alleging his former employer, Defendant State University of New York at

_____

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Buffalo ("Defendant") violated Plaintiff's right under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*, by deliberately failing to timely answer an employment discrimination charge Plaintiff had filed with the New York State Division of Human Rights ("the DHR"), in which Plaintiff challenged Defendant's termination of his employment, thereby delaying the DHR's investigation into such claim.  Specifically, in July 2000, Plaintiff filed the DHR charge challenging Defendant's termination of Plaintiff's employment on June 13, 2000.  On February 21, 2006, Defendant filed the instant motion for summary judgment (Doc. N0. 78) ("Defendant's Motion"), along with supporting papers including a Memorandum of Law (Doc. No. 79) ("Defendant's Memorandum"), a Statement of Undisputed Facts (Doc. No. 80) ("Undisputed Facts Statement"), and the Declaration of Assistant Attorney General Stephen F. Gawlik (Doc. No. 81) ("Gawlik Declaration").

On April 4, 2006, Plaintiff filed a motion (Doc. No. 84) seeking an extension of time to file his response in opposition to Defendant's motion, and the request was granted by the undersigned on April 6, 2006 (Doc. No. 85).  To date, Plaintiff has not filed any response to Defendant's motion.  Oral argument was deemed unnecessary.

Based on the following, Defendant's motion for summary judgment should be GRANTED.

## DISCUSSION

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322. Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

Employment discriminatory discharge claim under Title VII, are subject to a burden-shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). As relevant to the instant case, Title VII also forbids any employer from retaliating against an employee for making an employment discrimination charge against the employer. 42 U.S.C. § 2000e-3(a). Such retaliation claims under Title VII are evaluated under the same three-step burden-shifting analysis originally set forth in *McDonnell Douglas*, *supra*. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005) (citing *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998)). *See also Donato v. Plainview - Old Bethpage Central School District*, 96 F.3d 623, 633 (2d Cir. 1996) (stating Title VII retaliation claims "are analyzed under the three-step burden shifting approach originally explained in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).").

If the plaintiff meets the initial burden of establishing a *prima facie* case of retaliation in violation of Title VII, then a presumption of such retaliation arises. *Jute*, *supra*. The burden then shifts to the defendant employer to articulate a legitimate, non-retaliatory reason for the adverse employment action. *Id*. (citing *Quinn*, *supra*, at 768). Provided the employer meets its burden, the presumption of retaliation dissipates and the burden of proof shifts back to the plaintiff to show that the employer's proffered reason was a pretext for retaliation, and that the employer's true motivation was unlawful retaliation. *Donato*, *supra*, at 634.

In the instant case, Plaintiff's asserts a Title VII retaliation claim, although Defendants analyzes the claim as for employment discrimination. Because the same burden-shifting test applies, however, to both Title VII employment discrimination claims as for Title VII retaliation claims, *Jute*, 420 F.3d at 173, the court considers whether summary judgment should be granted on Plaintiff's retaliation claim.

Defendant argues in support of summary judgment that although Plaintiff is a member of a protected class as required for the first element of a *prima facie* Title VII claim, Plaintiff is unable to establish the second, third and fourth element of a *prima facie* Title VII claim. Defendant's Memorandum at 4-6. Specifically, Defendant maintains that because Plaintiff was no longer employed by Defendant when the delayed response to the DHR administrative charge occurred, the second element requiring Defendant be qualified for his employment position cannot be met. *Id*. at 4. Defendant also argues that an employer's delay in responding to a discrimination claim does not qualify as an adverse job action as required for the third element. *Id*. at 4-5. Finally, Defendant argues that there is no evidence that any action taken by Defendant

gives rise to an inference of discrimination as required to establish the fourth element. *Id*. at 6.

Although the same burden-shifting test is employed in analyzing a Title VII claim for retaliation as for employment discrimination, the first two elements of a *prima facie* claim for retaliation differ from the first two elements of a *prima facie* employment discrimination claim.  In particular, to establish a *prima facie* case of retaliation in violation of Title VII, a plaintiff must demonstrate  "'(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'"  *Jute*, *supra*, at 173 (citing *McMenemy v. City of Rochester*, 241 F.3d 279, 282-83 (2d Cir. 2001)).   In contrast, a *prima facie* employment discrimination claim requires the plaintiff establish (1) membership in a protected class; (2) that he was qualified for the employment position at issue; (3) an adverse employment action was suffered; and (4) the circumstances surrounding the adverse employment action permit an inference of discrimination.  *Williams v. R.H. Donnelly, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004).

As to the first element of a *prima facie* retaliation claim, it is settled that the filing of a charge with the DHR constitutes protected activity.  *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998) (filing of employment discrimination claim with DHR constituted protected activity under Title VII).  Further, Defendant does not dispute that it was aware of the DHR claim such that the second element is established.  Insofar as Plaintiff asserts that Defendant's delay in responding to the DHR charge constituted an adverse employment action, if true, as such action occurred

contemporaneous with Plaintiff's filing of the DHR charge, the fourth element requiring a causal connection between Plaintiff's participation in protected activity and the adverse action is sufficiently met by circumstantial evidence for purposes of establishing a *prima facie* case of retaliation. *Gordon v. New York City Bd. of Education*, 232 F.3d 111, 117 (2d Cir. 2000).  It is, however, as to the third element necessary for a *prima facie* retaliation claim, *i.e.*, an adverse employment action, that Plaintiff's claim fails to avoid summary judgment.

Specifically, the fact that Plaintiff was no longer employed by Defendant when Defendant delayed in responding to the DHR charge does not, without more, render it impossible that such challenged action was adverse for Title VII purposes.  *See Wanamaker v. Columbian Rope Company*, 108 F.3d 462, 466-67 (2d Cir. 1997) (italics in original) (holding that loss of an office and phone by an employee who has already been informed of a termination decision and is waiting out numbered days on payroll searching for new job does not, without more, amount to adverse employment action). Rather, the Second Circuit has recognized that although, generally, Title VII "protects individuals from actions injurious to *current* employment or the ability to *secure future* employment, . . . . [t]he terminated employee [ ] may have tangible future employment objectives, for which he must maintain a wholesome reputation." *Id.*  Similarly, a negative or even a neutral employment reference given to a potential employer seeking to hire the defendant employer's former employee qualifies as an adverse employment action.  *Jute*, *supra*, at 178-79 (observing that negative job reference that adversely affects a plaintiff's ability to secure employment constitutes an adverse employment action).  *See also Pantchenko v. C.B. Dolge Company, Inc.*, 581 F.2d 1052, 1055 (2d

Cir. 1978) (although no longer employed by defendant, plaintiff remained defendant's employee for purposes of maintaining Title VII retaliation action alleging that after plaintiff left defendant's employment, defendant refused to provide letter of recommendation and made disparaging and false statements to prospective employers to retaliate for plaintiff's filing of EEOC claim).

Nevertheless, in the instant case, the conduct of which Plaintiff complains cannot constitute an adverse employment action because no reasonable juror could find that Defendant's delay in responding to the DHR charge sullied Plaintiff's reputation or had any negative or adverse effect on Plaintiff's ability to secure future employment.  Nor does Plaintiff explain why, despite Defendant's delay in responding to the charge, Plaintiff could not have authorized the DHR to investigate the claim despite the absence of any response.  Thus, given the retaliatory act upon which Plaintiff's claim is based, *i.e.*, Defendant's delayed response to Plaintiff's DHR administrative charge, the absence of any evidence demonstrating a plausible nexus between the alleged delay and Plaintiff's future employment opportunities is fatal to Plaintiff's Title VII claim.

The evidence in the record thus fails to establish a triable issue of fact  sufficient to avoid summary judgment.

## __CONCLUSION__

Based on the foregoing, Defendant's motion for summary judgment (Doc. No.

78) should be GRANTED; the Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 28, 2007
            Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 28, 2007
            Buffalo, New York